UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YASMIN A. BECKFORD            )
                              )
              Plaintiff,      )
                              )
      v.                      )       Civil Action No. 06-1342(ESH)
                              )
HENRY M. PAULSON, JR.,        )
Secretary of the Treasury     )
                              )
              Defendant.      )
                              )
_____)

## ANSWER

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The defendant denies that Plaintiff was subjected to any sexual harassment or a hostile work environment. The Defendant further asserts that it exercised reasonable care to prevent and correct promptly any alleged harassing behavior, and Plaintiff unreasonably failed to use preventative corrective measures provided by the Defendant.

### Third Defense

The Defendant responds to the numbered paragraphs of the complaint as follows:

1.   The allegations contained in paragraph 1 are conclusions of law and Plaintiff's characterization of her complaint, to which no response is required. To the extent an answer is deemed

required, they are denied.  The Defendant specifically denies
that Plaintiff was subjected to the discrimination and
retaliation as alleged.

2.  The Defendant admits that the Court has jurisdiction
over this action pursuant to 42 U.S.C. § 2000e et seq.

3.  The Defendant admits that venue in the District of
Columbia is proper.

4.  The Defendant admits the first sentence in paragraph 4.
The Defendant admits that, in February 2004, Plaintiff was the
only African-American non-temporary employee in the office, but
denies that she was the only female in the office.  The Defendant
admits that Plaintiff worked for the Peace Corps prior to her
employment with the Agency.  Defendant presently lacks sufficient
knowledge or information to form a belief as to the truth of the
fourth sentence.

5.  The Defendant admits that Henry M. Paulson Jr. is the
Secretary of the Treasury, that he is sued in his official
capacity, and that the Department of Treasury and IRS employed
over 500 employees.  The remaining allegations in Paragraph 5 are
conclusions of law and Plaintiff's characterization of her
complaint, to which no response is required.  To the extent a
response is deemed required, they are denied.

6.  The Defendant admits the first and second sentences in
paragraph 6.  The Defendant admits that Terence Lutes was the

2

Plaintiff's direct supervisor, but denies that Mr. Lutes subjected Plaintiff to discrimination, quid pro quo sexual harassment and/or a hostile work environment.

7.  The Defendant admits the first sentence in paragraph 7. The Defendant admits that the document is available online

8.  Defendant presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first and second sentences.  Therefore, they are denied.  The Defendant denies that Plaintiff's actual job duties differed significantly from her position description, but admits that Plaintiff's duties included those listed in the fourth sentence of paragraph 8.

9.  The Defendant admits the first sentence in paragraph 9. The Defendant admits that Mr. Lutes was a frequent traveler, but denies that it was common for him to be away for weeks at a time and that he relied heavily on Plaintiff to support him as alleged.

10.  Denied.

11.  Denied.

12.  Denied.

13.  Denied.

14.  The Defendant denies that Ms. Maroney assaulted Plaintiff or aggravated "damage" to the Plaintiff's cervical spine.  The Defendant lacks sufficient knowledge or information

3

to form a belief as to the truth of the allegation that Plaintiff underwent a cervical spine discectomy.

15.  The Defendant admits that Plaintiff informed Mr. Lutes that Ms. Maroney bumped Plaintiff with her chair, but denies that Plaintiff informed Mr. Lutes "at the first opportunity" and denies that Plaintiff reported to Mr. Lutes that she had been "attacked."  The remaining allegations contained in paragraph 15 are denied.

16.  The Defendant admits that Mr. Lutes convened morning meetings with his administrative staff, but denies the remaining allegations contained in paragraph 16.

17.  Denied, except to note that the Defendant presently lacks sufficient information or knowledge to form a belief as to Mr. Lutes's travel in March and April 2004.

18.  The Defendant admits that on April 5, 2004 Mr. Grams issued a memorandum to all employees concerning ITS's sexual harassment policy.

19.  Denied.

20.  Denied.

21.  Denied.

22.  Denied.

23.  The Defendant admits that Mr. Lutes hired Ms. Upton in 2004, but denies that Ms. Upton was "another Administrative Assistant" as alleged.  The Defendant admits that Mr. Lutes knew

4

Ms. Upton and he managed her in 1996, but denies the implication that the relationship was something other than professional.  The remaining allegations in paragraph 23 are denied.

24.  Denied.

25.  Denied, except to note that Mr. Lutes met with Plaintiff in October 2004 to discuss her performance.

26.  The Defendant admits that Mr. Lutes met with Plaintiff in October 2004 to discuss Plaintiff's mid-year performance and that he would not tell Plaintiff who made the negative comments about her.  The remaining allegations in this paragraph are denied.

27.  Denied.

28.  Denied.

29.  Denied.

30.  The Defendant admits that the Report of Investigation (ROI) contains a document that purports to be Plaintiff's documentation of a meeting held to discuss her mid-year performance and that the document contains the statements listed in paragraph 30.  The defendant denies the truth or accuracy of those statements.

31.  Denied.

32.  The Defendant has insufficient knowledge or information to either admit or deny, Plaintiff's work-out practices.  To the extent that the Plaintiff is alleging that Mr. Lutes ejaculated

5

in her gym bag, the allegation is denied.

33. The Defendant admits the first sentence. The Defendant admits that Mr. Lutes received a negative comment from a member of his staff regarding Plaintiff and that he did not identify the employee who made the statement. The Defendant denies the third sentence in paragraph 33. The Defendant admits the fourth sentence in paragraph 33.

34. The Defendant admits that the ROI contains an unsigned document dated December 13, 2004 addressed to "Terry" and to which is attached a document titled, "Team Participation Accomplishments Since February 22, 2004," but denies that anything Mr. Lutes stated to Plaintiff was "doublespeak" for Plaintiff's refusal to respond to Mr. Lutes' alleged sexual advances. The Defendant denies that there were any sexual advances or that plaintiff was subjected to a hostile work environment.

35. Denied.

36. Denied.

37. Denied, except that the Defendant presently has no information or knowledge concerning Plaintiff's leave status or Mr. Lutes travel status.

38. Denied.

39. The Defendant admits that Plaintiff authored a letter to "Terry" dated February 7, 2005, but denies the truth of the

allegations related therein.  The Defendant further denies that
Plaintiff suffered any harassment at the hands of Mr. Lutes.

    40.  Denied.

    41.  Denied.

    42.  Denied.

    43.  The Defendant lacks sufficient knowledge or information
to form a belief as to the truth of the allegation that Mr. Lutes
held a staff meeting on February 21, 2005.  The remaining
allegations in paragraph 43 are denied.

    44.  Denied.

    45.  The Defendant admits that Plaintiff authored a letter
to "Terry" dated March 4, 2005 wherein she indicated that she
suffered from PTSD, but denies that Ms. Maroney shoved her from
her chair on her first day of work.  The Defendant denies the
implication that work place harassment caused Plaintiff's alleged
symptoms.  The Defendant further avers that Plaintiff was not
subjected to work place harassment of any kind.

    46.  The Defendant admits that Plaintiff and Mr. Lutes met
on March 15, 2005 and discussed her request for a detail, but
denies that Mr. Lutes brought up her interactions with co-workers
as a pretext to create a performance issue.  The Defendant denies
that Mr. Lutes ignored Plaintiff's allegations that she was
attacked by other employees.  The Defendant denies that Mr. Lutes
informed Plaintiff that he intended to give her departure rating

7

as her final rating, rather Mr. Lutes specifically stated that he
would prepare her appraisal based on her performance for the
entire year.

47. The Defendant admits that Plaintiff first sought EEO
counseling on March 15, 2005.

48. Defendant lacks sufficient knowledge or information to
form a belief as to when Plaintiff learned of her detail.

49. Admitted.

50. The Defendant admits the first sentence in paragraph
50. The Defendant admits that Mr. Lutes gave Plaintiff an
overall rating of 2.4 on her performance appraisal, but denies
that Mr. Lutes gave her this rating to punish Plaintiff for
refusing his advances and to create a pretext for her complaint,
and that plaintiff deserved a higher rating. The Defendant
specifically denies that there were sexual advances. The
Defendant denies the third sentence contained in paragraph 50.

51. The Defendant denies that Mr. Lutes gave Plaintiff a
"sham" performance appraisal. The Defendant admits that the ROI
contains a document dated May 14, 2005 that indicates that
Plaintiff was not eligible for a Management and Program Analyst
position because she received "less than fully successful
performance evaluation."

52. The Defendant admits that on August 2, 2005, Mr. Lutes
presented Plaintiff with a notice of intent to issue a letter of

8

reprimand and opportunity to request alternative discipline, but denies that Mr. Lutes acted in retaliation for Plaintiff's refusing his sexual advances and for filing the EEO complaint. The remaining allegations in paragraph 52 are denied. The Defendant specifically denies that Plaintiff was subjected to any sexual advances or retaliation by Mr. Lutes.

53. Denied.

54. Admitted.

55. The Defendant admits that Plaintiff was detailed to the Data Management Services Branch in October, 2005.

56. The Defendant admits that the Agency's APM guide contains information about sexual harassment and distinguishes between two principal types of sexual harassment. Defendant presently lacks sufficient knowledge or information to form a belief as to the truth of the allegation regarding the date of the APM as November 28, 2005. The date that appears at the bottom, right corner of the document seems to be the date that the EEO Investigator printed the APM for inclusion in the ROI.

57. The Defendant admits that a letter dated November 30, 2005 is included in the ROI authored by A. Jack Anders, MSW, Psychiatric Social Worker, wherein he repeats the events Plaintiff alleges constituted sexual harassment caused by Mr. Lutes. The Defendant denies the truth of the allegations contained in the letter.

58.  Denied.

59.  Denied.

60.  Denied.

61.  Admitted.

62.  The Defendant incorporates by reference herein its responses to Paragraphs 1-61.

63.  The allegations contained in paragraph 63 are conclusions of law and Plaintiff's characterization of her complaint, to which no response is required.  To the extent they may be deemed allegations of fact, The Defendant denies that Plaintiff was subjected to quid pro quo sexual harassment or a hostile work environment.

64.  Denied.

65.  Denied.

66.  Denied.

67.  The Defendant incorporates by reference herein its responses to Paragraphs 1-66 of the Complaint.

68.  The allegation contained in paragraph 68 is a conclusion of law and Plaintiff's characterization of her complaint, to which no response is required.  To the extent an answer is deemed required, the Defendant denies that Plaintiff was subject to any retaliation.

69.  Denied.

70.  Denied.

10

71.  Denied.

72.  Denied.


73.  Denied.

74.  Denied.

The remainder of Plaintiff's Complaint is Plaintiff's prayer for relief.  The Defendant denies that the Plaintiff is entitled to the relief requested or to any relief whatsoever.

The Plaintiff's claim for exemplary damages is controlled and limited by 42 U.S.C. § 1981a.

Wherefore, it is respectfully requested that the Complaint be dismissed with prejudice and that the Court grant such further relief as it deems appropriate.

Respectfully submitted,

_/s/_ _Jeffrey A. Taylor/dwh_
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_/s/_ _Rudolph Contreras/dwh_
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_/s/_ _Diane M. Sullivan_
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

11

Of Counsel:
COLLEEN CRANE
Office of the Chief Counsel
Internal Revenue Service