## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

YASMIN A. BECKFORD              )
                               )
            Plaintiff,         )
                               )
         v.                    )       Civil Action No. 06-1342(ESH)
                               )
HENRY M. PAULSON, JR.,         )
Secretary of the Treasury      )
                               )
            Defendant.         )
                               )
_____)

## JOINT LOCAL RULE 16.3 REPORT

The parties, having conferred by telephone, hereby provide this Report to the Court, in accordance with Local Rule 16.3(d).

Plaintiff

Plaintiff Yasmin A. Beckford brings this action for damages based on the denial of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991 (hereinafter "Title VII"). Specifically, the Department of the Treasury subjected her to sex discrimination, quid pro quo sexual harassment and a hostile work environment by her supervisor. After filing an EEO/EEOC charge concerning the harassment, the Agency also retaliated against Ms. Beckford in violation of Title VII.

Defendant

The defendant denies that it engaged in discrimination of any kind. The defendant denies that it subjected plaintiff to sex discrimination, quid pro quo sexual harassment or a hostile

work environment by her supervisor.  Further, the defendant asserts that it exercised reasonable care to prevent and correct promptly any alleged harassing behavior, and plaintiff unreasonably failed to use preventative corrective measures provided by defendant.

The defendant denies that plaintiff was subjected to retaliation for engaging in prior EEO activity.

In addition, pursuant to Local Rule 16.3(d), the parties state the following:

1.    Dispositive Motions: Plaintiff does not believe that the case can be resolved by dispositive motion.  The defendant believes that the case will be disposed of by dispositive motion.

2.    Joinder of Parties/Amendment of Complaint/Narrowing of Issues:  The parties do not anticipate that any additional parties will be joined or that pleadings will be amended.  The parties do not believe that the issues in the case can be further narrowed prior to discovery or trial.

3.    Magistrate:  The parties do not consent to referral of the case to a Magistrate Judge for trial.  The parties proposes that discovery matters and settlement discussions be referred to a Magistrate Judge at the Court's discretion.

4.    Possibility of Settlement:  Plaintiff believes that the case can be amicably resolved and requests that the case be referred to ADR prior to engaging in discovery.  The defendant

2

does not believe the case is amenable to mediation at this time.

  5. <u>ADR</u>:  The plaintiff believes that ADR may be appropriate and requests that the case be referred to ADR prior to engaging in discovery.  The defendant does not believe the case is amenable to mediation at this time.

  6. <u>Motions</u>:  Plaintiff does not believe that the case can be decided by dispositive motion.  Defendant anticipates filing a motion for summary judgment.  The parties propose that any motion for summary judgment shall be filed within forty-five (45) days after the close of discovery; that the responding party shall also have forty-five (45) days to file an Opposition; and that fifteen (15) days shall be allowed for any Reply.  The defendant reserves the right to file a dispositive motion either in whole, or in part, prior to the completion of discovery.

  7. <u>Initial Disclosures</u>:  The parties stipulate to dispense with the requirements of Fed. R. Civ. P. 26(a)(1).

  8. <u>Discovery</u>:   The parties requests that 180 days be granted for discovery.  The parties proposes that each party should be limited to ten (10) depositions and thirty (30) interrogatories, although it is understood that one or both parties may seek leave from the Court to increase this limit at a future time.

  9. <u>Experts</u>:  The plaintiff anticipates that she will be relying on expert witnesses.  The plaintiff proposes that any

expert reports be served within one hundred (100) days after the beginning of discovery, and that any rebuttal expert reports be served forty-five (45) days after Plaintiff's report.

10. <u>Class Action</u>:  N/A

11. <u>Bifurcation</u>:  At this time, the parties do not believe that bifurcation of trial or discovery is appropriate.

12. <u>Pretrial Conference</u>:  The parties propose that the date for the pretrial conference be held 60 days after the Court's decision on any dispositive motions that may be filed, whichever is later, or at the Court's convenience.

13. <u>Trial Date</u>:  The parties propose that the trial date be set at the final Pretrial conference, or at the Court's convenience.

14. <u>Other Matters</u>:  N/A.

Respectfully submitted,

__/s/_____          __/s/_____
CAMILLA C. McKINNEY, Esq.              JEFFREY A. TAYLOR, D.C. BAR # 498610
D.C. Bar No. 448776                    United States Attorney
Law Offices of Camilla
C. McKinney, PLLC
1100 Fifteenth Street, N.W.
Suite 300                              __/s/_____
Washington, D.C. 20005                 RUDOLPH CONTRERAS, D.C. BAR # 434122
(202) 861-2934                         Assistant United States Attorney


                                       __/s/_____
                                       DIANE M. SULLIVAN, D. C. BAR # 12765
                                       Assistant United States Attorney
                                       Judiciary Center Building
                                       555 Fourth Street, N.W.
                                       Room E4919
                                       Washington, D.C. 20530
                                       (202) 514-7205